IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE L.,[1]

      Plaintiff,

v.                                                              1:24-cv-00817-LF

MARTIN J. O'MALLEY,[2]
Commissioner of Social Security Administration,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
DENYING MOTION TO PROCEED
<u>IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915</u>**

THIS MATTER comes before the Court on plaintiff Robert Gene L.'s motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, requesting that the Court authorize the commencement of his lawsuit against the Commissioner of the Social Security Administration without the prepayment of fees.  Doc. 2.  District Judge William P. Johnson referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  Doc. 6.

The Court may authorize the commencement of any suit without prepayment of fees by a person if he or she (1) submits an affidavit that includes a statement of all assets he or she possesses and (2) is unable to pay such fees.  28 U.S.C. § 1915(a).  In determining whether a movant is unable to pay within the meaning of § 1915, the Tenth Circuit has indicated that "[o]ne

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is automatically substituted as the defendant in this action.  FED. R. CIV. P. 25(d).

need not be absolutely destitute to proceed IFP." *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (unpublished).  Nevertheless, a motion to proceed IFP may properly be denied if the movant can pay the required fees and still support and provide necessities for himself or herself and any dependents.  *Id.*

In his affidavit, Plaintiff states that his monthly income is $1886.  Doc. 2 at 2.  His monthly payments, including rent, utilities, credit card debt, and groceries, total $1,443.  *Id*. at 3.  Plaintiff, therefore, has a positive balance of $443 per month.  Thus, it appears that plaintiff is able to pay the $400.00 filing fee for instituting a new case because his monthly income exceeds his monthly expenses by several hundred dollars.  *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars appeared to have sufficient income to pay filing fees and thus was not entitled to IFP status) (unpublished).

Because I find that plaintiff Robert Gene L.'s affidavit fails to demonstrate that he meets the indigency requirement for proceeding IFP, I recommend that the Court DENY his motion to proceed IFP.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge